IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

ALPHONZO RIDDICK,

    Plaintiff,

v.                                                                          Civil Action No. ___2:18cv394___

KEURIG GREEN MOUNTAIN, INC.
 d/b/a GREEN MOUNTAIN COFFEE ROASTERS

    Defendant.

## NOTICE OF REMOVAL

COMES NOW the Defendant Keurig Green Mountain, Inc. ("Keurig" or "Defendant"), by counsel, and hereby gives Notice of Removal to this Court pursuant to 28 U.S.C. § 1441 of the above-styled action now pending in the General District Court of Chesapeake, Virginia, and in support thereof respectfully states as follows:

1.    That on or about June 20, 2018, the Plaintiff Alphonzo Riddick ("Plaintiff") initiated this action by filing the instant Warrant in Debt in the General District Court of Chesapeake, Virginia, styled *Alphonzo Riddick v. Keurig Green Mountain, Inc. d/b/a Green Mountain Coffee Roasters*, Case No. CV18-5551 (A copy of the Warrant in Debt is attached hereto and marked as Exhibit 1);

2.    That the Plaintiff served the registered agent for Keurig with the Summons and Warrant in Debt on June 25, 2018. Keurig is a Delaware corporation with its principal place of business in Massachusetts.

3. That service on Keurig's registered agent was the first receipt through service by this Defendant of copies of the Plaintiff's Summons and Complaint after the instant action was filed in the General District Court of Chesapeake, Virginia on June 20, 2018.

4. That on July 18, 2018 the Defendant Keurig timely appeared for a first return hearing in this matter in the General District Court of Chesapeake, Virginia where a trial date was set for October 23, 2018.

5. That no further proceedings have transpired in this action in the Circuit Court of Chesapeake, Virginia.

6. That the instant Warrant in Debt alleges breach of contract for alleged failure to make disability payments. (*See* Exhibit1).

7. That although the information provided on the Warrant in Debt is limited, it does make clear that the lawsuit seeks payment under a plan or arrangement for payment of disability benefits.

8. That upon information and belief, Plaintiff seeks recovery of group short term disability ("STD") benefits under a Keurig employee welfare benefit plan administered by third-party administrator Life Insurance of North America (CIGNA).

9. That the above-styled action is a civil action over which this Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that this action arises under, and is governed by, the laws of the United States of America. Specifically, this action arises out of the processing, administration and/or denial of group STD benefits, which is subject to and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

10. That since the group STD benefits at issue here are subject to ERISA, this action against Defendant for group STD benefits is preempted in its entirety by ERISA, 29 U.S.C. § 1144(a), and presents a federal question for which exists grounds for removal to this Court pursuant to 29 U.S.C. § 1144(b).

11. That this Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days after earliest receipt by Defendant through service of a copy of the Plaintiff's initial pleading after it was filed.

12. That venue lies properly in this Court as it is in the district and division thereof in which the state court action was pending prior to removal. *See* 28 U.S.C. § 1446(a); 29 U.S.C. § 1132(e)(2); and Rule 2(a)(7) of the Rules of the United State District Court for the Eastern District of Virginia.

13. That Plaintiff has not demanded a trial by jury.

14. That the undersigned is counsel of record for the Defendant and duly authorized to effect removal on its behalf.

15. That pursuant to 28 U.S.C. § 1446(d), Defendant is filing the Notice of Removal with this Court and contemporaneously sending a copy of the Notice of Removal to the counsel of record for the Plaintiff.

16. That pursuant to 28 U.S.C. § 1446(d), Defendant is also sending a copy of the Notice of Removal with a separate Notice of Filing of Notice of Removal to the Clerk of the General District Court of Chesapeake, Virginia.

17. That Defendant reserves the right to amend, alter, supplement, and/or otherwise change this Notice of Removal at any time up through and including trial.

WHEREFORE, for the foregoing reasons, the Defendant Keurig Green Mountain, Inc., by counsel, respectfully requests that the above-captioned action now pending against it in the General District Court of Chesapeake, Virginia, be removed to the United States District Court of the Eastern District of Virginia, Norfolk Division. Defendant also requests such further relief as the Court may deem appropriate.

Dated: July 24, 2018                                              KEURIG GREEN MOUNTAIN, INC.

By Counsel

/s/
Brian G. Muse (VSB No. 47218)
SANDS ANDERSON PC
263 McLaws Circle
Suite 205
Williamsburg, VA  23185
Tel:  757-208-0301
Fax:  757-378-5409
Email:  bmuse@sandsanderson.com

## **CERTIFICATE**

I hereby certify that on the 24th day of July, 2018, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/EMC system, which will send a notification of such filing (NEF) to the following:

>Andrea Ruege, Esquire
>Foley & Foley PC
>4212 Granby Street
>Norfolk, VA  23504

I hereby certify that on the 24th day of July, 2018, I mailed a copy of the foregoing **Notice of Removal** to the following by first class and post pre-paid:

>Steven A. McGraw Sr., Clerk
>Chesapeake General District Court
>307 Albemarle Drive
>Suite 200B
>Chesapeake, VA  23322-5578

_____/s/_____
Brian G. Muse